J-S17039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MARWAN HALLS, | |
| Appellant | No. 2089 EDA 2016 |

Appeal from the PCRA Order, June 16, 2016,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0101061-2006

BEFORE: BENDER, P.J.E., LAZARUS, J. and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED MAY 04, 2018**

Marwan Halls appeals from the order denying his first petition for relief filed under the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and procedural history are as follows: On November 8, 2010, Halls entered a guilty plea to burglary and conspiracy in Philadelphia County. That same day, the trial court sentenced him to an aggregate term of 18 months of house arrest, with credit for time served, and an aggregate, concurrent term of 79 months of probation. Halls filed neither a post-sentence motion nor a direct appeal. While still on probation, Halls was convicted of four counts of burglary in Montgomery County, and was sentenced to an aggregate term of 7 to 14 years of incarceration.

Due to these new convictions, the Philadelphia County trial court held a violation of probation hearing. The trial court found Halls in violation of his probation, revoked his probation, and imposed a new aggregate sentence of 13 ½ to 27 years of imprisonment, followed by a one-year probationary term. This sentence was to run consecutive to Halls' Montgomery County sentence.

Halls filed a counseled motion for reconsideration, which the trial court denied on October 12, 2012. On December 4, 2012, Halls filed a *pro se* appeal to this Court, which we quashed as untimely on April 9, 2013. On June 25, 2013, Halls filed a timely *pro se* PCRA. The PCRA court appointed present counsel, who filed an amended petition, alleging ineffective assistance of counsel, and requesting the reinstatement of Halls' direct appeal rights *nunc pro tunc*. On June 16, 2016, the PCRA court held an evidentiary hearing. Halls presented his own testimony. The Commonwealth called John McMahon, Jr., Esquire, the attorney who filed Halls' motion to reconsider sentence. At the conclusion of the hearing, the PCRA court denied the petition. This timely appeal follows. Both Halls and the PCRA court have complied with Pa.R.A.P. 1925.

Halls raises the following issue:

> I. Whether the [PCRA] Court erred in denying [Halls']
> PCRA petition after an evidentiary hearing on the
> issues raised in the amended PCRA petition
> regarding violation of [probation] (VOP) counsel's
> ineffectiveness.

Halls' Brief at 3.

Our scope and standard of review is well-settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (internal citations and quotations omitted).

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different." *Id.* In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

Halls claims that he is entitled to the reinstatement of his direct appeal rights because he requested Terry Pugh, Esquire, the attorney who had represented him at the violation of probation hearing, and who appeared at his sentencing proceeding,[1] to file an appeal on his behalf. As this Court has summarized:

> Generally, if counsel ignores a defendant's request to file a direct appeal, the defendant is entitled to have his appellate rights restored. *Commonwealth v. Lantzy*,

---

[1] The record is unclear as to whether Attorney Pugh still represented Halls at that time. At the October 2, 2012 hearing, Halls appeared with court-appointed counsel, but informed the trial court that he had hired Attorney Pugh to represent him. The trial court called Attorney Pugh, who later appeared and informed the court that he had no notice of the hearing. Attorney Pugh then presented argument on behalf of Halls, and, after sentencing, fully instructed Halls that he could file a motion for reconsideration within ten days and a notice of appeal within thirty days. Attorney Pugh informed Halls that both filings had to be in writing, and that "[i]f you wish them done, I will do them for you[.]" N.T., 10/2/12, at 21. The transcript shows no response from Halls, and if he later asked Attorney Pugh to file an appeal, this request does not appear of record.

558 Pa. 214, 736 A.2d 564 (1999). In **Lantzy**, our Supreme Court held that an unjustified failure to file a direct appeal upon request is prejudice *per se*, and if the remaining requirements are satisfied, a defendant does not have to demonstrate his innocence or the merits of the issue he would have pursued on appeal to be entitled to relief. However, such relief is only appropriate where the petitioner plead and proves that a timely appeal was in fact requested and that counsel ignored that request. **Commonwealth v. Harmon**, 738 A.2d 1023, 1024 (Pa. Super. 1999). A mere allegation will not suffice to prove that counsel ignored a petitioner's request to file an appeal.

**Commonwealth v. Spencer**, 892 A.2d 840, 842 (Pa. Super. 2006).

In the present case, the PCRA court heard conflicting testimony from Halls in support of his claim that he timely requested Attorney Pugh to file an appeal, and from Attorney McMahon, who testified that Halls never asked him to file an appeal in the Philadelphia County case. According to Attorney McMahon, in the correspondence that he received from Halls, Halls focused on filing an appeal of his Montgomery County convictions. Attorney Pugh was not called to testify. The PCRA court resolved this matter of credibility against Halls:

At the evidentiary hearing, [Halls] failed to meet the burden of proof to prove ineffective counsel. [He] claims that trial counsel was ineffective for failing to file a direct appeal. [Halls] alleges that he asked Attorney Pugh, at the end of [his] Violation of Probation hearing, to file a direct appeal. However, during the evidentiary hearing, [Halls] failed to produce evidence that he had even asked trial counsel to file the direct appeal. The court was asked to make a credibility determination regarding [Halls'] claim and the court found that [Halls] claim was not credible.

PCRA Court's Opinion 8/3/17, at 3-4.

Halls argues that the PCRA court erred in denying him relief, as his testimony that he asked Attorney Pugh to file the appeal was unrefuted. Although this is true, the PCRA court still had to accept Halls' testimony as credible. As noted above, it did not. This Court "must defer to the credibility determinations made by the [PCRA] court that observed a witness's demeanor first hand." *Commonwealth v. Todd*, 820 A.2d 707, 712 (Pa. Super. 2003). As a matter of credibility, the PCRA court believed trial counsel's version of the contested facts. We cannot disturb this determination. *See Commonwealth v. Harmon*, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's credibility determination is supported by the record, it cannot be disturbed on appeal).

Halls also argues that the PCRA court should not have denied relief because the Commonwealth did not call Attorney Pugh. It is a PCRA petitioner's responsibility to produce counsel at a PCRA evidentiary hearing in order to meet his burden of proof that his claims warrant relief. *Commonwealth v. Jones*, 596 A.2d 885 (Pa. Super. 1991). As noted by the PCRA court, Halls did not meet this burden. If Halls believed that Attorney Pugh would have aided his cause, he should have sought his appearance at the evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/4/18