COMMONWEALTH of Pennsylvania,
Appellee,

v.

Leroy Antonio THOMAS a/k/a
John Wayne, Appellant.

Superior Court of Pennsylvania.

Submitted June 5, 2006.
Filed Sept. 18, 2006.

James H. Moreno, Philadelphia, for appellant.

Hugh J. Burnes, Jr., Asst. Atty. Gen., Philadelphia, for Com., appellee.

BEFORE: MUSMANNO, BOWES, and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 Leroy Thomas, a.k.a. John Wayne, (Thomas) appeals from the trial court's order dismissing his ineffective assistance of counsel claims under the Post Conviction Relief Act (PCRA) without holding an evidentiary hearing. *See* 42 Pa.C.S. §§ 9541–46. Thomas contends that the trial court should have held a hearing and should have admitted as substantive evidence the Declaration/Affidavit of the late Raygina Fearon, who died while Thomas's PCRA petition was pending. We find that Thomas's claims are either waived or lack merit. Accordingly, we affirm the trial court's order denying Thomas relief under the PCRA.

¶ 2 On May 16, 1995, a jury convicted Thomas of first degree murder and related charges for a shooting that occurred on Raygina Fearon's front porch, located at 515 North 34th Street, Philadelphia. On June 10, 1998, this Court affirmed Thomas's conviction and sentence. *See Commonwealth v. Wayne*, 723 A.2d 238 (Pa.Super.1998) (unpublished memorandum). Thomas filed a Petition for Allowance of Appeal, which our Supreme Court denied on February 3, 1999. *See Commonwealth v. Wayne*, 558 Pa. 608, 736 A.2d 604 (1999). On October 23, 1998, Thomas filed a *pro se* petition for collateral review of his conviction and sentence and requested that the trial court appoint him counsel. Thomas's appointed counsel filed an amended petition under the PCRA which included a prayer for habeas corpus relief pursuant to Article I, Section 14 of the Pennsylvania Constitution.

¶ 3 In his amended petition, Thomas argued among other things that his trial counsel rendered ineffective assistance by failing to investigate and present the evidence of his innocence through the eyewitness testimony of Raygina Fearon. *See* Petition for Habeas Corpus and PCRA relief (Petition), 1/30/01, at 5–20. As part of his ineffective assistance of counsel argument, Thomas attached the affidavit/declaration of Fearon. *See* Petition, Exhibit D (Fearon's Declaration). Fearon's Declaration states that after giving her statement to the police, she was not shown photographs, asked to view a lineup, questioned by the police again, visited by a defense attorney, or called to testify about what she saw. *See* Declaration, ¶¶ 2, 5. Fearon's Declaration also states that after watching an episode of Crime Fighters, which featured a picture of Thomas as being wanted for the murder that occurred on her porch, she realized that Thomas was not the man that she saw shoot the victim. *See* Declaration, ¶ 4.

¶ 4 On January 28, 2002, the Commonwealth filed a Motion to Dismiss Thomas's Petition. On December 19, 2002, the PCRA court dismissed Thomas's Petition without holding an evidentiary hearing. Thomas filed an appeal to this Court on April 7, 2002. On October 8, 2003, this Court affirmed the PCRA court's dismissal of all of Thomas's claims except for his allegation that trial and appellate counsel were ineffective for failing to investigate

Fearon as a witness. *See Commonwealth v. Thomas*, 839 A.2d 1164 (Pa.Super.2003) (unpublished memorandum). This Court remanded the case back to the PCRA court so it could "conduct an evidentiary hearing to review disputed issues of fact relating to the effectiveness of Thomas's trial and appellate counsel ... for failing to investigate how the testimony of [ ] Fearon might have aided his defense." *Id.* at 16 (unpublished memorandum). However, on March 2, 2003, while Thomas's appeal was pending in this Court, Fearon committed suicide.

¶ 5 On remand, the PCRA court scheduled an evidentiary hearing for September 2004. Thomas's counsel informed the PCRA court that Fearon had died and asked to postpone the hearing while he prepared a memorandum of law requesting the court to admit Fearon's Declaration as substantive evidence. On October 18, 2005, the PCRA court denied Thomas's request and dismissed his petition on the ground that Fearon's Declaration was hearsay and did not establish the reliability and trustworthiness necessary for admissibility.

¶ 6 Thomas appeals to this Court, raising the following questions for our review:

1. Did the [trial] court err in failing to hold an evidentiary hearing with respect to trial and appellate counsel's ineffectiveness for failing to investigate and present the testimony of Raygina [F]earon?

2. Did the [trial] court err in failing to admit substantively the statement of the late Regina Fearon, who died during the pendency of Petitioner's PCRA petition three years after Petitioner first sought an evidentiary hearing in order to present her exculpatory testimony, a request that was denied despite the fact that Ms. Fearon provided an affidavit stating she witnessed the murder and Petitioner was not the man who committed the killing on her front porch?

3. Did the [trial] court's failure to hold an evidentiary hearing despite the fact Petitioner presented, as required by statute, an affidavit indicating disputed, material facts were at issue—i.e., whether Petitioner was wrongly convicted—and such hearing was required as a matter of law, prejudice Petitioner in that the eyewitness has since died?

4. Did the court below err in its actions, rulings and treatment of this case prior to the entry of a final order? Did the lower court fail to comply with the applicable rules, case law and due process standards in its actions before entry of the final order and treatment of the case and claims throughout the proceedings, to and including the final order?

Brief for Appellant at 5–6.

¶ 7 Preliminarily, we note that Thomas's brief violates Appellate Rule of Procedure 2119 in that his one argument section does not correspond one-to-one with the four questions he raises. *Compare* Brief for Appellant at 5–6 and Brief for Appellant at 11. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued[.]"). Since Thomas's one argument section is devoted entirely to his second question, his first, third and fourth questions are not properly "followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P 2119(a). Thus, Thomas's first, third and fourth questions are waived, and we will only review his second question. *See Estate of Lakatosh*, 441 Pa.Super. 133, 656 A.2d 1378, 1380 (1995) (stating that all of the issues set forth in the statement of ques-

tions involved that are not addressed in the argument section are waived).

¶ 8 Our standard of review following the denial of PCRA relief by a trial court "is limited to determining whether the court's findings are supported by the record and otherwise free of legal error." *Commonwealth v. Jones*, 408 Pa.Super. 337, 596 A.2d 885, 887 (1991). "[T]he findings of the PCRA court will not be disturbed unless they have no support in the record." *Id.*

¶ 9 In his second question on appeal, Thomas argues that the PCRA court erred in failing to admit as substantive evidence the declaration of Fearon. Brief for Appellant at 11. Because Fearon was deceased at the time of the remand hearing, she was "unavailable" to testify. *See* Pa.R.E. 804(a)(4) (stating that declarant is unavailable when "unable to be present or to testify at the hearing because of death ...."). "[P]rior statements of unavailable witnesses are only admissible if they bear an adequate 'indicia of reliability', such as when the statement falls within a firmly rooted hearsay exception or is supported by a particularized guarantee of trustworthiness." *Commonwealth v. Thomas*, 552 Pa. 621, 717 A.2d 468, 476 n. 6 (1998).

¶ 10 Here, Thomas concedes that Fearon's Declaration does not fit within a firmly rooted hearsay exception, but argues that it is "admissible as substantive evidence because it evinces overwhelming indicia of reliability and trustworthiness." Brief for Appellant at 17. After review, we agree with the trial court that the statement of a witness taken by the defense under circumstances privy only to the defense does not establish the requisite trustworthiness that is necessary for admissibility. *See* Trial Court Opinion (T.C.O.), 11/28/05, at 2 (unnumbered).

¶ 11 "The hearsay rule, which has long been recognized and respected by virtually every State, is based on experience and grounded in the notion that untrustworthy evidence should not be presented to the triers of fact." *Commonwealth v. Bracero*, 515 Pa. 355, 528 A.2d 936, 939 (1987) (citation omitted). "Out-of-court statements are traditionally excluded because they lack the conventional indicia of reliability: they are usually not made under oath or other circumstances that impress the speaker with the solemnity of his statements; the declarant's word is not subject to cross-examination; and he is not available in order that his demeanor and credibility may be assessed by the jury." *Id.* (citations omitted). For these reasons, our Supreme Court "has long adhered to the principle that the use of hearsay evidence is to be discouraged, and [the] policy against its use is generally recognized as particularly strong." *Heddings v. Steele*, 514 Pa. 569, 526 A.2d 349, 351 (1987) (footnote omitted).

¶ 12 In the case at bar, Fearon's Declaration, though signed subject to the penalty of perjury under 18 Pa.C.S. section 4904, does not meet the requirements of an affidavit, because she did not swear her statements before an officer authorized to administer oaths. *See* 1 Pa.C.S. § 1991 ("Affidavit" is defined as "[a] statement in writing of a fact or facts signed by the party making it, sworn to or affirmed before an officer authorized by the laws of this Commonwealth ..."); *Commonwealth v. Hall*, 582 Pa. 526, 872 A.2d 1177, 1188 n. 10 (2005) (concluding that statements appended to appellant's brief had not been sworn to by the declarant before an officer authorized to administer oaths, and thus, could not be characterized as affidavits). Instead, Fearon's Declaration was made before and in privy with the defense only. As a result, the accuracy and circumstances surrounding the execu-

tion of the Declaration are at issue, *i.e.* whether Fearon did in fact make the assertions as written and whether she signed and adopted the statement as her own. *See Commonwealth v. Chmiel*, 585 Pa. 547, 889 A.2d 501, 532 (2005) ("The rule against admitting hearsay evidence stems from its presumed unreliability, because the declarant cannot be challenged regarding the accuracy of the statement.") (citation omitted). Moreover, since Fearon is unable to take the stand and testify, her credibility and demeanor cannot be assessed by the trier of fact. *See Commonwealth v. Sanders*, 260 Pa.Super. 358, 394 A.2d 591, 595 (1978) ("The principle reason for excluding hearsay is the danger that the declarant's credibility cannot be assessed.") (citation omitted). Finally, if the Declaration was admitted as substantive evidence, the Commonwealth would not have the opportunity to test Fearon's eyewitness account of the incident and her identification of the man who murdered the victim as not being Thomas on cross-examination. *See Johnson v. Peoples Cab Co.*, 386 Pa. 513, 126 A.2d 720, 721 (1956) (stating that without the hearsay rule, "there would be no opportunity to check on testimonial defects such as fallacious memory, limited observation, purposeful distortions, and outright fabrication. The great engine of cross-examination would lie unused while error and perjury would travel untrammeledly to an unreliable and often-tainted judgment.") In short, Fearon's Declaration was not made in "circumstances that impress the speaker with the solemnity" of her statements and is not "subject to cross-examination." *Bracero*, 528 A.2d at 939 (citation omitted). Fearon is also unavailable to testify, and her "demeanor and credibility" cannot be assessed by the trier of fact. *See id.* Therefore, we conclude that Fearon's out-of-court Declaration lacks the "conventional indicia of reliability" that is necessary for the admissibility of a hearsay statement. *See id.*

¶ 13 Thomas also argues that Fearon's Declaration should be admitted as substantive evidence because a "miscarriage of justice" would occur if it is not. Brief for Appellant at 17, 21 n. 13. Specifically, Thomas asserts that his inability to present Fearon's Declaration "stems solely" from the PCRA court's and the Commonwealth's "failure to follow the law." Brief for Appellant at 16–17. The only case that Thomas cites to support his contention is *Commonwealth v. Lawson*, 519 Pa. 504, 549 A.2d 107 (1988). Brief for Appellant at 21, n. 13. However, we find Thomas's reliance on *Lawson* to be misplaced. *Lawson* addressed the issue of an exception to the PCRA statute that allows the court to review a second or subsequent post-conviction petition when the appellant demonstrates that a miscarriage of justice may have occurred. *See id.* at 112. *Lawson* does not discuss, let alone hold, that hearsay evidence can be admitted upon a showing of a miscarriage of justice. Therefore, we find that *Lawson* is not implicated in the case at bar and conclude that its doctrine is not applicable to the facts now before us.

¶ 14 Alternatively, Thomas cites *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), and contends that the due process clause of the Fourteenth Amendment requires Fearon's Declaration to be admitted as substantive evidence. Brief for Appellant at 21. In *Chambers*, the Supreme Court of the United States stated:

> Although perhaps no rule of evidence has been more respected or more frequently applied in jury trials than that applicable to the exclusion of hearsay, exceptions tailored to allow the introduction of evidence which in fact is likely to be trustworthy have long existed. The

testimony rejected by the trial court here bore persuasive assurances of trustworthiness and thus was well within the basic rationale of the exception for declarations against interest. That testimony also was critical to Chambers' defense. In these circumstances, where constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice.

*Chambers,* 410 U.S. at 302, 93 S.Ct. 1038. However, we do not find Chambers to be applicable to the case at bar. First, Chambers has been closely confined to its facts and circumstances, involving third-party confessions of guilt (declarations against penal interest) that would exculpate an accused. *See, e.g., United States v. Scheffer,* 523 U.S. 303, 316, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998) ("Chambers specifically confined its holding to the 'facts and circumstances' presented in that case; we thus stressed that the ruling did not 'signal any diminution in the respect traditionally accorded to the States in the establishment and implementation of their own criminal trial rules and procedures.' ") (citation omitted). Moreover, the third-party confession was admitted in *Chambers* because the "statements involved ... were originally made and subsequently offered at trial under circumstances that provided considerable assurance of their reliability." *Chambers,* 410 U.S. at 300, 93 S.Ct. 1038. The declarant in *Chambers* was also available to testify and could be cross-examined by the prosecution. *See id.* at 301, 93 S.Ct. 1038. Here, Fearon's Declaration is not a third-party confession, was not made in circumstances that assure its reliability, and the declarant is unavailable to testify. Therefore, *Chambers* is inapplicable to the case at bar.

¶ 15 Because we find Fearon's Declaration to be inadmissible hearsay, we conclude that the trial court did not commit legal error by not admitting Fearon's Declaration as substantive evidence. Since Thomas offered no other evidence in support of his ineffective assistance of counsel claim, the trial court was also correct in dismissing Thomas's PCRA petition without holding an evidentiary hearing, because "there are no genuine issues concerning any material fact ... and no legitimate purpose would be served by any further proceedings[.]" Pa.R.Crim.P. 909(B)(2). In view of the fact that Thomas's second question lacks merit and his first, third and fourth questions are waived, we affirm the trial court's order.

¶ 16 Order **AFFIRMED.**