J-S20019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD TERRELL STOCKTON | : | |
| | : | |
| Appellant | : | No. 1421 MDA 2017 |

Appeal from the PCRA Order August 15, 2017
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s):  CP-31-CR-0000254-2014

BEFORE:  GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 06, 2018**

Richard Stockton appeals *pro se* from the order entered August 15, 2017, in the Court of Common Pleas of Huntingdon County, that dismissed without a hearing his first petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.[1]    Stockton seeks relief from the judgment of sentence of 27-100 months' imprisonment, imposed after he was convicted by a jury of aggravated assault.[2]  Stockton contends the PCRA court erred (1) in failing to analyze his PCRA petition when

_____

[1] On July 10, 2017, the PCRA court conducted a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), and thereafter permitted Stockton to represent himself and dismissed appointed PCRA counsel.

[2] 18 Pa.C.S. § 2702(a)(3).

a miscarriage of justice has occurred, (2) in failing to consider the facts which establish a miscarriage of justice, (3) in failing to consider that a **Brady**[3] violation occurred, was intentional, and deprived him of a fair trial, and (4) in failing to consider that the prosecutor committed prosecutorial misconduct by intentionally withholding evidence, deceiving the court to withhold evidence, and failing to correct known false statements made by officers at trial in order to establish *corpus deliciti*.    **See** Stockton's Brief at 4.   Based upon the following, we affirm.

The facts underlying Stockton's convictions are fully set forth in this Court's decision in Stockton's *pro se* direct appeal.   **Commonwealth v. Stockton**, 135 A.3d 650 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 138 A.3d 4 (Pa. 2016).   Therefore, we need not repeat them here.   We simply state that Stockton's aggravated assault conviction and resultant sentence stemmed from his confrontation with a number of correctional officers at SCI-Smithfield where he was an inmate.   This Court affirmed the judgment of sentence on December 4, 2015, and the Pennsylvania Supreme Court denied allowance of appeal on April 20, 2016. **See Stockton, supra**.

On April 19, 2017, Stockton filed the instant PCRA petition *pro se*, and also filed a *pro se* amended PCRA petition on May 17, 2017.  In the meantime,

---

[3] **Brady v. Maryland**, 373 US 83 (1963).

- 2 -

counsel was appointed and Stockton filed *praecipe* to waive assistance of counsel. As already noted, by order dated July 6, 2017, and entered on July 10, 2017, the PCRA court, following a ***Grazier*** hearing, granted Stockton's request to represent himself and appointed counsel was dismissed. On August 10, 2017, the Commonwealth filed a motion to dismiss the amended PCRA petition. Thereafter, on August 15, 2017, the PCRA court dismissed Stockton's petition.[4] In its Pa.R.A.P. 1925(a) opinion, the PCRA court opined that Stockton's miscarriage of justice claim failed in light of the overwhelming evidence presented against him, and his claims regarding a ***Brady*** violation and prosecutorial misconduct had been previously litigated, having been addressed by this Court in his direct appeal. ***See*** PCRA Court Opinion, 11/13/2017. This timely appeal followed.[5]

---

[4] Stockton does not challenge the lack of Rule 907 notice, which constitutes waiver of that claim on appeal. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013).

[5] By order dated October 16, 2017, and entered that same day, the PCRA court directed Stockton to file a Pa.R.A.P. 1925(b) statement within 21 days from the date of the order. Stockton filed his Rule 1925(b) statement 22 days later, on Tuesday, November 7, 2017. While it appears the concise statement is untimely by one day, Stockton is entitled to the benefit of the prisoner mailbox rule. ***See*** Pa.R.A.P. 121(a) (providing that "[a] *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the *pro se* filing with the prison authorities."). Here, there is no evidence in the record indicating when Stockton delivered his concise statement to prison authorities. However, it is obvious that, having been

The principles that guide our review are as follows:

When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error. **Commonwealth v. Smallwood**, 2017 PA Super 25, 155 A.3d 1054, 1059 (Pa.Super. 2017) (citations omitted).

\*\*\*\*

PCRA relief is not available for alleged errors raised in a PCRA petition that have been previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S.A. § 9544(a)(2). In addition, a PCRA claim is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding." **Id.** § 9544(b); **see also Commonwealth v. Hanible**, 612 Pa. 183, 205, 30 A.3d 426, 438-39 (2011).

**Commonwealth v. Jordan**, 182 A.3d 1046, 1049 (Pa. Super. 2018).

Based on our review, we conclude that the PCRA court properly dismissed the petition. In his PCRA petition, Stockton raises **Brady** violation and prosecutorial misconduct claims that appear to mirror claims he presented in his direct appeal. On direct appeal, this Court found the claims were waived for failure to present any legal argument in support of those claims. **See Stockton, supra**, 135 A.3d 650 (Pa. Super. 2015) (unpublished memorandum, at 6). Because the trial court did not rule on the merits of

---

docketed one day after the 21-day filing period ended, the concise statement must have been submitted to the prison authority for mailing by the 21st day, November 6, 2017, at the latest. Accordingly, we regard Stockton's November 7, 2017 concise statement as timely.

these claims, these claims cannot be considered as previously litigated for purposes of the PCRA. ***See*** 42 Pa.C.S. § 9544(a) ("An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]")

However, because these claims were available to Stockton and not argued on direct appeal, these claims are waived for purposes of the PCRA.

Under section 9544(b) of the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, … on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). We have held that the waiver provision of the PCRA applies to claims that are not raised, as well as improperly raised claims:

> We note that the PCRA's definition of waiver speaks only of claims that **could** have been raised, but were not. ***See*** 42 Pa.C.S.[] § 9544(b). It does not specifically address claims that **were** raised, but raised improperly. Nonetheless, we see no reason the definition would not apply to both types of waiver; thus, we assume it applies to all claims not preserved, whether by omission or imprecision . . . .

***Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa. Super. 2007) (emphasis in original) (holding that waiver provision of PCRA statute will apply "to those claims that are required to be preserved"; waiver provision did not apply to legality of sentence claim). Therefore, because Stockton had the opportunity to have his ***Brady*** violation and prosecutorial misconduct claims reviewed by this Court on direct appeal, we will not permit him to now argue these same

issues. Accordingly, we conclude Stockton has waived these claims.[6] *See* 42 Pa.C.S. § 9544(b).

Furthermore, although Stockton relies on ***Commonwealth v. Lawson,*** 549 A.2d 107 (Pa. 1988), for the proposition that a showing of a miscarriage of justice overcomes a claim being waived or finally litigated, his reliance is misplaced. ***Lawson*** involved the former Post Conviction Hearing Act (PCHA), the predecessor to the PCRA, and, as this Court has explained, "addressed the issue of an exception to the PCRA statute that allows the court to review a second or subsequent post-conviction petition when the appellant demonstrates that a miscarriage of justice may have occurred." ***Commonwealth v. Thomas***, 908 A.2d 351, 355 (Pa. Super. 2006) (citation omitted). Simply put, ***Lawson*** dealt with the issue of serial petitions under the PCHA; it has no application to this first petition filed under the current version of the PCRA. Accordingly, we affirm.[7]

---

[6] Because Stockton proceeded *pro se* in his direct appeal, he does not and cannot raise these issues in the context of an ineffective assistance of counsel claim.

[7] To the extent that our rationale differs from that of the PCRA court, we note that we are not bound by that rationale, but may affirm on any basis. ***Commonwealth v. Doty***, 48 A.3d 451, 456 (Pa. Super. 2012).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/6/2018