J-S59032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HALEEM POOLE | : | |
| | : | |
| Appellant | : | No. 2866 EDA 2017 |

Appeal from the PCRA Order Entered August 3, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0014640-2011

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED FEBRUARY 14, 2020**

Haleem Poole appeals from the order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as meritless. Poole claimed his trial counsel was ineffective for failing to present a certain witness at trial. Counsel has filed an application to withdraw as counsel and a brief styled as an **Anders**[1] brief. We grant counsel's application to withdraw and affirm the order.

In 2011, Poole, an inmate at Curran-Fromhold Correctional Facility, was involved in a plan to attack a fellow inmate, Aaron Young. **See Commonwealth v. Poole**, No. 2477 EDA 2013, at *1-3 (Pa.Super. 2015) (unpublished memorandum). While executing the plan, Poole and several

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

other inmates attacked another inmate, Earl Bostic, who died. The attackers seriously injured the original target of the plot, Young, and yet another inmate, Richard Gyton,[2] who informed police of Poole's involvement.

Police charged Poole with third-degree murder and other charges. At Poole's jury trial, the Commonwealth introduced into evidence Gyton's statement to the police identifying Poole as one of his attackers. However, Gyton recanted his statement and testified that he did not know who had attacked him.

The jury convicted Poole of third-degree murder and related crimes in May 2013, and the trial court sentenced him to an aggregate of 20 to 40 years' imprisonment. PCRA Court Order and Opinion, filed Aug. 3, 2017, at 1. This Court affirmed, and, in October 2015, the Pennsylvania Supreme Court denied Poole's petition for allowance of appeal.

In May 2016, Poole filed a timely *pro se* PCRA petition. **Id.** The PCRA court appointed counsel, who filed an amended petition, claiming counsel was ineffective for failing to investigate and call Young as a witness. **Id.** at 1-2, 3. Counsel attached to the petition an affidavit from Young, dated March 2015, stating that he would be willing to testify that Poole was not involved in the attack. **Id.** at 3; **see also** Amended PCRA Pet., 4/13/17, at Ex. A. Young died in December 2016. PCRA Ct. Order and Opinion at 3.

_____

[2] Appellant's brief spells his last name "Guyton," while the PCRA court spells it "Gyton." We will use the latter spelling, as that is what appears in the certified record.

The PCRA court issued notice of its intent to dismiss the petition without a hearing. *Id.* at 2; *see* Pa.R.Crim.P. 907. The court dismissed the petition, finding that Poole could not prove prejudice. The court's order stated, "With Young's death, [Poole] cannot establish what Young would have testified to if called at trial, or demonstrate how the result of the proceeding would have been different based on that testimony." PCRA Ct. Order and Opinion at 4. Poole filed this timely appeal.

In this Court, Poole's counsel filed an application to withdraw and a document captioned as an *Anders* brief. Because this is an appeal from the denial of PCRA relief, the proper filing for counsel to withdraw is a *Turner/Finley* letter or brief.[3] We nonetheless accept the *Anders* brief, as the requirements of such a brief are more stringent, and we will consider it under the *Turner/Finley* standard. *See Commonwealth v. Widgins*, 29 A.3d 816, 817 (Pa.Super. 2011). Poole did not file a response to the *Anders* brief. The Commonwealth never filed a brief, despite having obtained four extensions of time to do so.

We must first determine whether counsel has complied with the essential procedural dictates of *Turner/Finley*. *See Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel seeking to withdraw from PCRA representation on appeal must file a "no-merit" brief detailing the nature and extent of counsel's diligent review of the case, listing the issues

---

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. *Id.* Counsel must send the petitioner copies of the no-merit letter and counsel's petition to withdraw, and advise the petitioner of the right to proceed immediately *pro se* or by new counsel. *Id.*; *Commonwealth v. Muzzy*, 141 A.3d 509, 512 (Pa.Super. 2016). If counsel complies with these requirements, we then conduct our own review of the merits of the case. *Wrecks*, 931 A.2d at 721. If we agree with counsel that the issues the appellant wants us to review lack merit, we permit counsel to withdraw and affirm. *Id.*

In his brief, counsel recites the pertinent details of the case, recounts the issue Poole raised in his PCRA petition, and explains why he believes the issue is meritless. Counsel has sent a copy of his withdrawal request to Poole, along with a letter informing Poole of his right to proceed immediately *pro se* or through new counsel and raise additional issues before this Court. Poole has not filed any additional documents following counsel's withdrawal request. We conclude counsel has fulfilled the technical requirements of *Turner/Finley*, and turn to an independent review of Poole's issues.

In order for a PCRA petitioner to prove he was deprived of the right to effective assistance of trial counsel, he must establish, "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa.

2009). A petitioner claiming trial counsel was ineffective for failing to call a potential witness must show:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Id.* at 536 (quoting ***Commonwealth v. Washington***, 927 A.2d 586, 599 (Pa. 2007)).

If a proposed witness cannot testify at the PCRA hearing because the witness has died, the PCRA court does not err in refusing to consider the witness's prior written statement and dismissing the petition without a hearing, if the statement does not qualify for a hearsay exception. ***Commonwealth v. Thomas***, 908 A.2d 351, 354-55 (Pa.Super. 2006). In ***Thomas***, the petitioner claimed ineffectiveness for failing to investigate and present the testimony of an alleged eyewitness. The petitioner attached to his PCRA petition an affidavit signed by a witness, who then died before she could testify at a PCRA hearing. We held that the PCRA court did not err in refusing to consider the affidavit as substantive evidence, because it was inadmissible hearsay. We explained that although the witness met the criteria for being unavailable, the petitioner conceded that it did not meet any established hearsay exception. *Id.* at 354. We rejected the petitioner's argument that generalized claims of reliability, concerns about miscarriage of justice, and principles of due process rendered it admissible. *Id.* at 354-56.

Like the witness's statement in **Thomas**, Young's statement is inadmissible hearsay, and the PCRA court did not err by refusing to consider it. **Id.** at 356. As a result, Poole is unable to prove Young was available and willing to testify on his behalf at trial. **Johnson**, 966 A.2d at 536. Nor can he prove that Young's testimony would have affected the outcome of trial. **Id.** We therefore conclude the PCRA court did not err in dismissing Poole's petition, and agree with counsel that the issue is meritless. We grant counsel's application to withdraw and affirm the order of the PCRA court.

Order affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/20