J-A24034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BILLY LEE JORDAN | : | |
| | : | |
| Appellant | : | No. 416 WDA 2020 |

Appeal from the Judgment of Sentence Entered February 20, 2020
in the Court of Common Pleas of Potter County
Criminal Division at No(s):  CP-53-CR-0000136-2019

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED FEBRUARY 04, 2021**

Billy Lee Jordan ("Jordan") appeals from the judgment of sentence imposed following his conviction of failure to register with the Pennsylvania State Police[1] as required under Pennsylvania's Sexual Offender Registration and Notification Act ("SORNA").[2]  We affirm.

On August 1, 2010, Jordan was convicted of taking indecent liberties with children,[3] a sex offense, in Johnson County, North Carolina. Consequently, North Carolina law required Jordan to register as a sex offender for ten years.

_____

[1] 18 Pa.C.S.A. § 4915.2(a)(1).

[2] **See** 42 Pa.C.S.A. §§ 9799.10-9799.41.

[3] 14 N.C.G.S.A. § 14-202.1.

On August 29, 2018, Jordan moved to Pennsylvania to be with his girlfriend, Cassandra Shumac ("Shumac"), and their child. That same day, Jordan met with Pennsylvania State Trooper Sierra Rose ("Trooper Rose"), at the Coudersport State Police barracks, to register his Pennsylvania address. Trooper Rose reviewed each page of the Sexual Offender Registration form with Jordan, and Jordan signed the registration form. Jordan registered his Pennsylvania address as 26 Cow Hollow Road, Roulette, Pennsylvania ("Shumac's residence").

In March 2019, Jordan began staying with Callista Bisher ("Bisher"), at 48 River Street, Roulette, Pennsylvania ("Bisher's residence"). Jordan spent approximately half of his days and nights at Bisher's residence. Jordan spent the remainder of his time at Shumac's residence. Jordan did not register Bisher's residence with the Pennsylvania State Police. Jordan continued to split time between these residences from March 16, 2019, until April 8, 2019, when he was arrested and charged with failing to register Bisher's residence with the Pennsylvania State Police.

Following a jury trial on December 19, 2019, Jordan was found guilty of the above-mentioned offense. The trial court ordered preparation of a pre-sentence investigation report, and deferred sentencing. On February 20, 2020, the trial court sentenced Jordan to 24 to 48 months in prison, with credit for time served.

Jordan filed a timely Notice of Appeal and court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Jordan now presents the following claims for review:

1. Did the [j]ury err in finding [Jordan] guilty despite lack [*sic*] of evidence showing [] Jordan had changed his residence for a period in excess of three days[?]

2. Did the [t]rial [c]ourt err in denying [Jordan]'s [M]otion for directed verdict at the conclusion of the case[?]

3. Is the language of the sexual offender registration notice unconstitutionally void for vagueness to the point where a common person would not fully understand the requirements thereof[?]

Brief for Appellant at 8.

At the outset, we observe that the Argument section of Jordan's appellate brief does not include any argument in regards to his second and third claim. Rather, Jordan's Argument section is devoted entirely to his first claim, and consequently, his second and third claims are waived. ***See*** Pa.R.A.P. 2119(a) (providing that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); ***see also Commonwealth v. Thomas***, 908 A.2d 351, 353-52 (Pa. Super. 2006) (citing Pa.R.A.P. 2119(a), and stating that issues raised in the Statement of Questions Involved, but not subsequently addressed in the Argument, are waived on appeal).

Jordan argues that the Commonwealth failed to present sufficient evidence that Jordan had changed his residence, intended to change his residence, or became transient. Brief for Appellant at 16. Jordan cites 42 Pa.C.S.A. § 9799.12[4] for the proposition that in order to establish "residency," an offender charged with a violation of 18 Pa.C.S.A. § 4915.2(a) must live in a location for 30 consecutive days. Brief for Appellant at 16-17. Jordan contends that he was not required to register a change in address because he had never moved out of Shumac's residence, and had, instead, split time between Bisher's residence and Shumac's residence over a period of 22 days. *Id.* at 17-24, 35-36. Additionally, Jordan asserts that he was only required to report a change in address if he had stayed at Bisher's residence for at least 3 consecutive days. *Id.* at 24-28. Jordan claims that he left all of his personal items "including cloth[e]s, birth certificate, video gaming machine, and his dog" at Shumac's residence, and would return nearly every day to take care of the house and his child. *Id.* at 28-29. Further, Jordan asserts that his own

---

[4] Section 9799.12 of SORNA defines a "Residence" as "[a] location where an individual resides or is domiciled or intends to be domiciled for 30 consecutive days or more during a calendar year. The term includes a residence which is mobile including a houseboat, mobile home, trailer or recreational vehicle." 42 Pa.C.S.A. § 9799.12. Additionally, a "Temporary Lodging" is defined as "[t]he specific location, including street address, where a sexual offender is staying when away from the sexual offender's residence for seven or more days." *Id.* Further, the term "Transient" is defined as "[a] sexual offender who does not have a residence but nevertheless resides in this Commonwealth in a temporary habitat or other temporary place of abode or dwelling, including but not limited to, a homeless shelter or park." *Id.*

testimony established that he was aware of his registration requirements, was not intending to change his residence, and that he kept no personal items or other indicia of residence at Bisher's residence. **See id.** at 30-44.

Jordan challenges the sufficiency of the evidence, for which we adhere to the following standard of review:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. … When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

**Commonwealth v. Widmer**, 744 A.2d 745, 751-52 (Pa. 2000) (citations omitted). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Commonwealth v. Moreno**, 14 A.3d 133, 136 (Pa. Super. 2011) (citations omitted). Additionally, "[t]he fact finder is free to believe all, part, or none of the evidence presented at trial." **Id.**

The Crimes Code, in relevant part, provides as follows:

> **4915.2. Failure to comply with 42 Pa.C.S.**[**A.**] **Ch. 97 Subch. I registration requirements**
>
> **(a) Offense defined.**--An individual who is subject to registration under 42 Pa.C.S.[A.] § 9799.55(a), (a.1), or (b) (relating to registration) … commits an offense if the individual knowingly fails to:

> (1) register with the Pennsylvania State Police as required under 42 Pa.C.S.[A.] § 9799.56 (relating to registration procedures and applicability)[]

18 Pa.C.S.A. § 4915.2(a)(1).

Section 9799.55 of SORNA provides, in relevant part, as follows:

**§ 9799.55. Registration**

**(a) Ten-year registration.--** … the following individuals shall be required to register with the Pennsylvania State Police for a period of 10 years:

* * *

> (3) Individuals who currently have a residence in this Commonwealth who have been convicted of offenses similar to the crimes cited in paragraphs (1)(i) or (ii) and (2) under the laws of the United States or one of its territories or possessions, another state, the District of Columbia ….

42 Pa.C.S.A. § 9799.55(a)(3).[5]

Section 9799.56 of SORNA provides, in relevant part, as follows:

**§ 9799.56. Registration procedures and applicability**

**(a) Registration.--**

> (1)(i) Offenders and sexually violent predators shall be required to register with the Pennsylvania State Police as specified in section 9799.54 (relating to applicability).

* * *

---

[5] As Jordan now resides in the Commonwealth of Pennsylvania, his North Carolina conviction requires him to register as a sex offender with the Pennsylvania State Police. **See** 42 Pa.C.S.A. § 9799.55(a)(3); 14 N.C.G.S.A. § 14-202.1.

(iii) For purposes of registration, offenders and sexually violent predators **shall** provide the Pennsylvania State Police with **all current or intended residences**....

(2) Offenders and sexually violent predators shall inform the Pennsylvania State Police **within three business days** of:

(i) A change of residence or **establishment of an additional residence or residences**. In the case of an individual who has a residence as defined in paragraph (2) of the definition of "residence" in section 9799.53 (relating to definitions), the individual shall inform the Pennsylvania State Police of the following:

(A) the location of a temporary habitat or other temporary place of abode or dwelling, including a homeless shelter or park, where the individual is lodged;

(B) a list of places the individual eats, frequents and engages in leisure activities and any planned destinations, including those outside this Commonwealth; and

(C) the place the individual receives mail, including a post office box.

42 Pa.C.S.A. § 9799.56(a)(1)-(2).

At trial, Trooper Rose testified that she reviewed each page of the Sexual Offender Registration form with Jordan. N.T. (Jury Trial), 12/19/19, at 2-7; *see also id.* at 3 (wherein Commonwealth Exhibit A was admitted into evidence at trial); Commonwealth Exhibit A (Sexual Offender Registration form), at 1-5. Trooper Rose testified that Jordan provided Shumac's residence as his primary residence, and that Jordan signed the form. N.T. (Jury Trial), 12/19/19, at 4-7. Trooper Rose stated that the form required Jordan to report **within three business days**, "any change in residence, including but not

limited to beginning to live in a residence, adding an additional residence, moving out of a previously registered residence or failing to have a residence therefore becoming transient, *i.e.* homeless." ***Id.*** at 4; ***see also*** Commonwealth Exhibit A (Sexual Offender Registration form), at 1. Further, Trooper Rose testified that Jordan did not register any address other than Shumac's residence. N.T. (Jury Trial), 12/19/19, at 5-7.

Shumac testified that prior to March 16, 2019, she and Jordan had been arguing constantly, which resulted in Jordan occasionally staying with Bisher at Bisher's residence. ***Id.*** at 12-14. Shumac stated that Jordan left her residence on March 16, 2019, and began splitting time between Shumac's residence and Bisher's residence, from March 16, 2019, until April 8, 2019, when he was arrested. ***Id.*** at 13-15. Shumac brought a bag of Jordan's personal items, including clothing and shoes, to Bisher's residence. ***Id.*** at 13-14. Shumac testified that Jordan would stay every other day, or every two days, at Bisher's residence, but would return to Shumac's residence to watch their daughter. ***Id.*** at 15-17.

Bisher testified that Jordan began to reside with her in the middle of March 2019. ***Id.*** at 32-34. On March 22, 2019, Bisher gave birth to a child, and Jordan joined her at the hospital from March 27, 2019, until March 30, 2019. ***Id.*** at 33-36. She testified that, after her discharge from the hospital, Jordan stayed with her about three or four times until his arrest. ***Id.*** at 38-40. Additionally, Bisher stated that, between March 16, 2019, and April 8,

2019, Jordan split time between her residence and Shumac's residence. ***Id.*** at 32-36.

The uncontroverted evidence established that Jordan was "splitting time," including overnight stays, between Bisher's residence and Shumac's residence for a period of 22 days. N.T. (Jury Trial), 12/19/19, at 1-17, 32-36, 38-40. Thus, ample evidence existed for the jury to determine that Jordan intended to live at an additional residence, Bisher's residence, beginning on March 16, 2019. ***See*** 42 Pa.C.S.A. § 4915.2(a)(1) (requiring offenders to register any residence with the Pennsylvania State Police in accordance with 42 Pa.C.S.A. § 9799.56); ***see also id.*** § 9799.56(a)(2)(i) (requiring offenders to register any change in residence, or additional residences); ***Moreno***, ***supra***. Therefore, the evidence is sufficient to sustain Jordan's conviction.

Based upon the foregoing, we affirm Jordan's judgment of sentence.

Judgment of sentence affirmed.

P.J.E. Bender joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/04/2021

- 9 -