FORD ELLIOTT, Judge:
 

 This is an appeal from the order entered on August 30, 1990, in the Court of Common Pleas of Allegheny County which denied appellant’s request for post-conviction relief.
 
 [1]
 
 We affirm.
 

 The procedural history of the instant case was summarized by the PCRA court in the following manner:
 

 On November 12, 1988, a complaint was filed against [appellant] wherein he was accused of one count of Criminal Attempt, 18 Pa.C.S.A. § 901(a), (CC 8900329). On March 30, 1989, another complaint was filed against [appellant] wherein he was accused of fifteen counts of Violation of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780-113(a)(12, 30 and 16) as well as one count of Conspiracy, 18 Pa.C.S.A. § 903(a)(1), (CC 8904745).
 

 These two informations were consolidated for trial. On July 5, 1989, [appellant] pled guilty to all of the above-referenced charges. On November 17, 1989, [appellant] was sentenced to consecutive terms of imprisonment of not less than two years or more than five years. In addition, these sentences were set to run consecutively to the sentence imposed by the Honorable James F. Clarke. No direct appeal was taken by [appellant] from the judgment of sentence but on June 15, 1990, [appellant] filed, pro-se, a petition for collateral relief, pursuant to the Post-Conviction Relief Act. On June 26, 1990, the Public Defender of Allegheny County was appointed to represent [appellant].
 

 On July 9, 1990, the Public Defender’s office filed an amendment to [appellant’s] collateral relief petition. [Appellant’s] petition was denied on August 30, 1990 after a
 
 *340
 
 hearing was held.
 
 [2]
 

 PCRA Opinion, 2/25/90 at 2-3. This appeal follows.
 

 Appellant raises the following issue on appeal:
 

 Did the [PCRA Court] err in failing to permit the filing of a motion to withdraw a guilty plea
 
 nunc pro tunc
 
 or to modify the sentence.
 

 Appellant’s Brief at 3. More specifically, appellant contends that trial counsel neither filed post-plea and post-sentence motions nor formally withdrew as counsel, denying appellant “the right to zealous advocacy or the protection afforded by formal withdrawal procedures.” For the reasons which follow, we affirm.
 

 On appeal, our scope of review, following the denial of PCRA relief by a trial court, is limited to determining whether the court’s findings were supported by the record and its order otherwise free of legal error.
 
 Commonwealth v. Johnson,
 
 347 Pa.Super. 93, 500 A.2d 173, 175 (1985). The findings of the PCRA court will not be disturbed unless they have no support in the record.
 
 Id.
 
 With respect to issues of credibility, we must defer to determinations made by the PCRA court.
 
 Id.
 
 We are guided by these restraints in determining the effectiveness of counsel in this case.
 

 With regard to allegations of ineffectiveness for counsel’s failure to challenge a defective guilty plea, this court has noted previously:
 

 Appellant bears the burden of demonstrating ineffectiveness of counsel. He must establish that the claim has arguable merit, that trial counsel had no reasonable basis for failing to raise the issue, and that he was prejudiced thereby.
 

 Moreover, the withdrawal of a guilty plea after sentence is imposed requires that appellant establish prejudice that results in a manifest injustice. Proving manifest injustice
 
 *341
 
 requires that appellant show his plea was involuntary or was entered without knowledge of the charge. This heightened burden is necessary to prevent the use of guilty pleas as a sentence-testing device.
 

 Commonwealth v. Harris,
 
 403 Pa.Super. 435, 437, 589 A.2d 264, 264-265 (1991) (citations omitted).
 

 The PCRA court provided the following reasoning for its denial of appellant’s PCRA petition:
 

 The record in this case clearly shows that [appellant’s] allegations are without merit.
 
 See, Commonwealth v. Sauter,
 
 389 Pa.Super. 484, 567 A.2d 707 (1989). A complete and thorough guilty plea colloquy was conducted after [appellant] executed the written guilty plea which further advised [appellant] of his rights. Further, a presentence report was ordered and reviewed prior to sentencing. Finally, [appellant] was sentenced at the top end of the standard range of sentencing according to the sentencing guidelines furnished by the Commonwealth although there was ample justification to sentence [appellant] within the aggravated range of sentencing called for by the guidelines.
 

 PCRA opinion, 2/25/90 at 4.
 

 At the time of the PCRA hearing, the trial court determined that appellant’s plea was voluntarily, knowingly, and intelligently made. The PCRA court made the following statement with regard to appellant’s request to withdraw his plea of guilty:
 

 I think it’s absolutely, positively, frivolous. This is his 9th or 10th conviction. He said he entered the plea knowingly, intelligently, he wasn’t under the influence of drugs or alcohol. He was satisfied with a life long friend in Mr. Elash, said he was a fine lawyer, he said he was satisfied with his representation. He doesn’t like the sentence. I gave him a light sentence compared to what he deserved under the circumstances.
 

 
 *342
 
 Notes of Testimony, 8/30/90 at 15.
 
 [3]
 
 This court has held that a criminal defendant who elects to plead guilty has a duty to answer questions truthfully.
 
 Commonwealth v. Cappelli,
 
 340 Pa.Super. 9, 20-22, 489 A.2d 813, 819 (1985). Appellant cannot now challenge his plea by claiming that he lied previously while under oath.
 
 Id.
 

 As stated earlier, appellant contends that trial counsel was ineffective for failing to withdraw the plea. Appellant, however, must persuade the hearing judge that he indeed made a timely request to withdraw his guilty plea.
 
 See Commonwealth v. Dockins,
 
 324 Pa.Super. 305, 471 A.2d 851 (1984). In this regard, the PCRA court determined at the hearing that appellant did not meet his burden.
 

 A review of the hearing transcript reveals that appellant testified as to the facts surrounding his claims and appellant’s father verified some of the testimony of appellant. No other witness or evidence was presented.
 
 [4]
 

 Appellant contends that he met his burden of production by producing evidence that trial counsel had been asked to file motions to withdraw his guilty plea and to modify his sentence Appellant’s brief at 8. Appellant argues that “the burden of production, although not the burden of persuasion, which remained on [appellant] as petitioner, then shifted to the Commonwealth which came forward with no evidence.”
 
 Id.
 
 Appellant, therefore, states that the uncontroverted testimony was that counsel was asked to file motions and did not do so.
 

 This court has previously stated,
 

 Whenever an evidentiary hearing on a claim of ineffectiveness is granted, the burdens of production and persuasion remain on the defendant. If the defendant fails to sustain the offer of proof at the evidentiary hearing, the ineffectiveness claim must fail. A failure to sustain
 
 *343
 
 an allegation of ineffectiveness may arise from a failure to present evidence at the evidentiary hearing, or from a rejection of the evidence presented in support of the proffer as not credible.
 
 See Commonwealth v. Hentosh,
 
 520 Pa. 325, 334, 554 A.2d 20, 24-25 (1989) (defendant failed to present evidence to sustain the proffer);
 
 Commonwealth v. Johnson,
 
 355 Pa.Super. 123, 131, 512 A.2d 1242, 1246 (1986) (defendant’s self-serving testimony m support of an arguable ineffectiveness claim was rejected as not credible).
 

 Commonwealth v. Wells,
 
 396 Pa.Super. 70, 79, 578 A.2d 27, 32 (1990) appeal granted 526 Pa. 648, 585 A.2d 468 (1991).
 

 As pointed out by the Commonwealth, John Elash, appellant’s trial counsel, was referred to by the PCRA court on the following three occasions:
 

 THE COURT: Did any one talk to Mike Turzai [assistant District Attorney] or John Elash as to what their notes reflect?
 

 N.T. at 5.
 

 THE COURT: Where is John Elash? John Elash doesn’t determine the sentence.
 

 Id.
 

 THE COURT: Unless Mr. Elash or Mr. Turzai or somebody else in your office [the A.D.A.] Eric Wolshok [another A.D.A.] different people in your office have been in this case, unless you have something else, why, that’s going to stand [denial of the petition].
 

 N.T. at 18.
 

 With the above inquiries, the PCRA court focused on the burden of production. In the instant case, appellant met neither the burden of production nor the burden of persuasion. It was not for the Commonwealth to produce appellant’s trial counsel as a witness when appellant failed to do so. We agree with the Commonwealth that the reasonableness of trial counsel’s actions or inactions is a prong of the ineffective assistance of counsel claim which
 
 *344
 
 must be proven and not merely rebutted.
 
 Commonwealth v. Wells, supra.
 

 By way of further argument, appellant contends that the trial court cannot properly pass on the merits of issues until “after the defendant has a full, fair and counselled opportunity to present his claims to the court.” Appellant’s brief at 8. Appellant states that the hearing in this case, with its focus on the performance of trial counsel, is “no replacement for the filing of post-verdict motions, briefing and argument which would have been available in 1989.”
 
 Id.
 
 Finally, appellant states that counsel’s failure to file motions effectively denied him an opportunity for an appeal on the merits of his case.
 

 As we previously set forth the standard for ineffective assistance of counsel claims, we need not do so again. The alleged omission in this case is trial counsel’s failure to file a Motion to Withdraw Guilty Plea. Before withdrawal of a guilty plea on a post-sentence petition, there must be a showing of prejudice on the order of manifest injustice.
 
 Commonwealth v. Siers,
 
 318 Pa.Super. 215, 218-19, 464 A.2d 1307, 1309 (1983)
 
 see also Commonwealth v. Harris, supra.
 
 During the PCRA hearing, there was no mention of prejudice. In this regard, we note as did the Commonwealth that the PCRA court made the following statements:
 

 THE COURT: ... I gave him a light sentence compared to what he deserved under the circumstances;
 

 N.T. at 15.
 

 THE COURT: I never modify a sentence. I told him at the end of the sentencing, the only time I modify it is when there is an error contained in the presentence report, the sentencing guidelines or some after-discovered evidence. I never modify a sentence unless there is an agreement.
 

 N.T. at 14.
 

 In the absence of any evidence as to what trial counsel’s trial strategy may have been or any evidence as to prejudice, we cannot find that the PCRA court abused its discre
 
 *345
 
 tion in denying the petition. In light of the foregoing, we affirm the order of the PCRA court denying appellant’s request for post-conviction relief.
 

 Order affirmed.
 

 [1]
 

 . We note that this appeal was filed timely on September 28, 1990.
 

 [2]
 

 . As the PCRA court did not do so, we note that at the time of the guilty plea and sentencing appellant was represented by John Elash, Esquire.
 

 [3]
 

 . Hereinafter, references to the transcript of the PCRA hearing held on August 30, 1990, will be abbreviated to '‘N.T." followed by a page number.
 

 [4]
 

 . We note that appellant’s mother spoke briefly in response to a question from the court at the PCRA court.