J-S53037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JESUS ADAMES | |
| Appellant | No. 2006 MDA 2015 |

Appeal from the PCRA Order October 27, 2015
in the Court of Common Pleas of Berks County Criminal Division
at No(s): CP-06-CR-0001617-2004

BEFORE: BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:           **FILED JANUARY 24, 2017**

Appellant, Jesus Adames, appeals *pro se* from the order denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Appellant claims the PCRA court erred in rejecting his claim that Pennsylvania lost jurisdiction to enforce its sentence and his numerous allegations of ineffective assistance of counsel. We affirm.

The pertinent facts and procedural history have been summarized as follows:

> On July 1, 2000, Appellant and his co-defendants, Craig Ryan Hines, Carlos Holguin, and Christopher Ferreil, riding in a white van, pulled up next to a vehicle occupied by Felix Cruz and the victim, Lowell Nicholas. Five [eyewitnesses] to the scene heard [gunshots] and saw glass breaking between the two vehicles. One witness saw gunfire exchanged between the two vehicles. Appellant

---
[*] Former Justice specially assigned to the Superior Court.

and his co-defendants were identified as the occupants of the white van.

Jesse Vargaas rented the white van at the request of co-defendant Holguin with money Holguin provided him. Ten days after the shooting, the van was taken into a repair shop to have the windows replaced. An employee fixing the van found a bullet slug in the base of the van's windshield and an empty bullet shell casing on the floor behind the driver's seat. These items were turned over to the police.

Commonwealth witness Angel Rivera testified that he was at Appellant's residence the day after the shooting and that Appellant told him he had fired a gun into a car the night before while using his left hand. This was significant because Appellant's right arm was in a cast at the time of this statement. Additionally, Jason Frank Borelli testified that Appellant told him that he shot the victim because he owed him money for drugs.

Appellant filed a motion to sever his trial from that of his co-defendants on June 23, 2004. The motion was denied. A jury trial commenced on May 2, 2005, and, on May 20, 2005, the jury found Appellant guilty of two counts of aggravated assault, firearms not to be carried without a license, possession of an instrument of crime, and two counts of recklessly endangering another person. [Appellant was acquitted of first and third-degree murder.] An aggregate term of incarceration of thirteen to twenty-eight years was imposed on July 20, 2005. On August 18, 2005, Appellant filed a timely notice of appeal.

*Commonwealth v. Adames*, 1544 MDA 2005 at 1-2 (Pa. Super. Oct. 31, 2006) (unpublished memorandum).

Finding no merit to his claims, we affirmed Appellant's judgment of sentence on October 31, 2006. *Id.* On June 5, 2007, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Adames*, 926 A.2d 972 (Pa. 2007).

- 2 -

Appellant filed a *pro se* PCRA petition on July 19, 2008, and the PCRA court appointed counsel. Ultimately, Appellant requested the right to represent himself. Following a ***Grazier***[1] hearing, the PCRA court granted Appellant's request to proceed *pro se*, and Appellant filed an amended petition on January 30, 2014. The PCRA court held an evidentiary hearing on June 11, 2015. Although Appellant was given the opportunity to present evidence in support of his claims, he did not do so, but rather, rested on the "four corners" of his amended petition. On August 3, 2015, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's amended petition. Appellant filed a timely response. By order entered October 27, 2015, the PCRA court dismissed Appellant's amended PCRA petition. This timely appeal follows. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises a single issue of whether the PCRA court "abused its discretion when it denied the [amended PCRA petition.]" Appellant's Brief at 2. In support of this issue, he then raises a jurisdictional argument, as well as the following twelve claims of ineffectiveness of trial counsel:

> Trial counsel gave an alibi witness notice but then failed to call the alibi witness to testify.
>
> Ineffective assistance of counsel for failing to call Nelson Rodriguez, Melissa Dierdorf and Mamadu Sarr as witnesses for the defense.

---

[1] ***See Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

Counsel was ineffective for not having a DNA expert for the defense who could have testified that the DNA samples were unreliable for DNA testing because of Ms. Houtz's handling of the blood samples and the storage of the blood samples.

Trial counsel was ineffective for not retaining a firearms/ballistics expert for the defense.

Trial counsel was ineffective for failing to solicit and obtain an expert witness for the defense of concerning the misidentification of Appellant.

Trial counsel was ineffective for failing to ask the court to instruct the jury that mere presence at the scene of the crime is not sufficient to convict Appellant of any crimes.

Ineffective assistance of counsel for failing to raise a state speedy trial Rule 600 violation, as well as a federal speedy trial right violation, as per *Barker v. Wingo*, 407 U.S. 514 (1972).

Trial counsel was ineffective for not challenging and then preserving Appellant's confrontation clause right to examine the serology expert (Ms. Houtz) concerning her examination of the carpet and the blood on the carpet and how she prepared the blood for DNA testing.

Trial counsel was ineffective for not conducting any meaningful investigation of the crime scene and failed to even attempt to interview any of the co-defendants concerning the actual innocence of Appellant.

Trial counsel was ineffective for waiving Appellant's right to testify at his trial.

Trial counsel was ineffective for failing to raise a double jeopardy claim prior to the start of Appellant's trial.

Trial counsel was ineffective for failing to challenge the weight and the sufficiency of the evidence after the Commonwealth rested its case and for failing to make a motion for mistrial.

J-S53037-16

***See*** Appellant's Brief at 7-28.[2]

Our standard of review of the denial of a PCRA petition is limited to examining whether the PCRA court's rulings are supported by the evidence of record and free of legal error. ***Commonwealth v. Volk***, 138 A.3d 659, 661 (Pa. Super. 2016). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (citation and quotation marks omitted).

Appellant first argues that the Pennsylvania courts lost jurisdiction over him once he was erroneously transferred to begin a federal sentence. The PCRA court described the factual background of Appellant's claim as follows:

> At the time of sentencing [in this case], Appellant had either been resentenced or was awaiting re-sentencing for parole violations in two, unrelated Berks County cases (Dockets 0981-94 and 1404-94). At the time of Appellant's June 11, 2015 PCRA hearing in the present matter he was still serving his sentences on those dockets, and had not yet begun to serve the sentence imposed in this case. Appellant has also been transferred to federal custody relating to Case No. 2:04CR678-01 in 2007, apparently "in error", while he was serving these two sentences. This court is unaware whether Appellant has yet to begin serving the sentence imposed in the present docket, which was imposed July 19, 2005.

Statement in Lieu of Mem. Op., 1/11/16, at 1 n.1.

---

[2] We have reordered Appellant's issues for ease of discussion.

- 5 -

Our review of the record reveals no basis to the PCRA court's conclusion that Appellant has not begun serving the sentence imposed in this case. Rather, because Appellant is still serving sentences for parole violations at dockets 081-94 and 1404-94, any claim that his erroneous transfer to federal prison divested the PCRA court of jurisdiction is more appropriately raised at those prior dockets. To the extent he claims that the Pennsylvania Department of Corrections erred in computing his sentences, Appellant's sole avenue of relief is an original action in Commonwealth Court. *See generally*, *Commonwealth v. Heredia*, 97 A.3d 392, 394-95 (Pa. Super. 2014) (reiterating that "a PCRA petition is not the proper method for contesting the DOC's calculation of sentence.").

Appellant's remaining twelve arguments raise claims of trial counsel's ineffectiveness. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner

- 6 -

was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004). It is petitioner's burden to produce counsel at an evidentiary hearing in order to meet his burden of proof that his claims warrant relief. *Commonwealth v. Jones*, 596 A.2d 885, 888 (Pa. Super. 1991).

Appellant's first five claims of trial counsel involve the failure to call a witness at his trial. In order to establish that trial counsel was ineffective for failing to investigate and/or call a witness at trial, a PCRA petitioner must demonstrate that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) [trial] counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied [the appellant] a fair trial.

*Commonwealth v. Thomas*, 44 A.3d 12, 23 (Pa. 2012) (citations omitted).

Because Appellant failed to proffer any evidence of counsel's ineffectiveness at the PCRA hearing, he has failed to establish any of the **Thomas** factors or demonstrate that counsel's alleged ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Johnson**, 966 A.2d at 532. Thus, Appellant's first five claims of ineffectiveness fail.

Appellant's remaining ineffectiveness claims fail for the same reason. Claims of ineffectiveness are not self-proving. A PCRA petitioner claiming ineffective assistance of counsel must allege sufficient facts from which a court can determine counsel's effectiveness. **See Commonwealth v. Pettus**, 424 A.2d 1332, 1335 (Pa. 1981). Appellant failed to present any evidence at the PCRA hearing, which renders him unable to sustain his burden under the tripartite test for ineffective assistance claims. **See Johnson**, 966 A.2d at 532; **Jones**, 596 A.2d at 888. In his *pro se* brief, Appellant does no more than list his claims of ineffectiveness regarding counsel with bare assertions to support them. Thus, we discern no basis to conclude that Appellant sustained his burden of proving trial counsel's ineffectiveness at an evidentiary hearing or that the PCRA court erred in denying relief.

Order affirmed.

J-S53037-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/2017