J-S46024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TRICIA ANN REDICK | |
| Appellant | No. 135 MDA 2017 |

Appeal from the PCRA Order December 14, 2016
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0002372-2014

BEFORE: BOWES, OLSON, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                    **FILED JULY 27, 2017**

Appellant, Tricia Ann Redick, appeals from the order entered on December 14, 2016, denying her first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The facts and procedural history of this case may be summarized as follows. On September 24, 2014, Appellant was charged with driving under the influence (DUI) of a controlled substance-schedule II or III,[1] DUI of a controlled substance-metabolite of a substance,[2] and DUI of a controlled

_____

[1] 75 Pa.C.S.A. § 3802(d)(1)(ii).

[2] 75 Pa.C.S.A. § 3802(d)(1)(iii).

* Former Justice specially assigned to the Superior Court.

substance-impaired ability.[3]   On April 29, 2015, Appellant entered a negotiated guilty plea to DUI of a controlled substance-schedule II or III and agreed to serve a sentence of 60 months of county intermediate punishment, with the first three months in the Franklin County Jail, followed by nine months of electronic monitoring.  In exchange, the Commonwealth agreed to dismiss Appellant's remaining charges.  Prior to sentencing, on July 8, 2015, Appellant withdrew her guilty plea.

On November 2, 2015, Appellant entered a second negotiated guilty plea to DUI of a controlled substance-schedule II or III.  Pursuant to the terms of the plea, Appellant was sentenced to 12 to 60 months in a state correctional institute.  Appellant filed a timely post-sentence motion on December 18, 2015, requesting credit for time served, which the court granted.[4]  On June 10, 2016, Appellant filed a timely pro se PCRA petition. The PCRA court appointed counsel and held a hearing on October 7, 2016. On December 14, 2016, the PCRA court entered an opinion and order denying Appellant relief.  This timely appeal followed.[5]

On appeal, Appellant presents the following issue for our review:

---

[3]  75 Pa.C.S.A. § 3802(d)(2).

[4]  Appellant spent 30 days in an inpatient rehabilitation center, entitling her to 15 days of credit for time served.

[5]  The requirements of Pa.R.A.P. 1925 have been satisfied in this case.

Whether the [t]rial court's denial of relief and dismissal of [Appellant's] PCRA petition is supported by the record and free from legal error, where [plea] counsel was ineffective for failing to adequately investigate [Appellant's] case or explain the ramifications of the withdrawal of her [first] guilty plea [agreement]?

Appellant's Brief at 1-2.

In this case, Appellant contends that plea counsel was ineffective because he failed to explain to her the ramifications of withdrawing her original negotiated guilty plea. Appellant's Brief at 12. Appellant testified that if plea counsel had been more diligent in investigating and explaining the process to Appellant, she would not have withdrawn her original negotiated guilty plea. N.T., 10/23/2016, at 11. Further, Appellant contends she suffered actual prejudice due to counsel's ineffectiveness, because her second negotiated plea deal resulted in a longer term of incarceration. Appellant's Brief at 13.

"Our standard of review of the denial of PCRA relief is well settled: we examine whether the PCRA court's determination is supported by the evidence and is free of legal error." *Commonwealth v. Smith*, 995 A.2d 1143, 1149 (Pa. 2010). Because there is a presumption that counsel provided effective representation, a PCRA petitioner bears the burden of proving ineffectiveness. *Commonwealth v. Ligons*, 971 A.2d 1125, 1137 (Pa. 2009) (citations omitted). "To be entitled to relief on a claim of trial counsel's ineffectiveness, appellant must prove the underlying claim is of arguable merit, counsel's performance lacked a reasonable basis, and

counsel's ineffectiveness caused him prejudice." ***Commonwealth v. Smith***, 995 A.2d 1043, 1150 (Pa. 2010). "Prejudice in the context of ineffective assistance of counsel means demonstrating there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." ***Id.*** at 1151. "Failure to establish any prong of the test will defeat an ineffectiveness claim." ***Id.***

When an evidentiary hearing on a claim of ineffectiveness is granted, the burdens of production and persuasion are on the petitioner. ***Commonwealth v. Jones***, 596 A.2d 885, 888 (Pa. Super. 1991). Appellant shoulders the burden of proving that the ineffectiveness of plea counsel so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(ii). In doing so, Appellant must establish that each prong of the test for ineffectiveness was met. Here, Appellant has not met her burden because she failed to establish that plea counsel lacked a reasonable basis for his acts or alleged omissions, the second prong of the test. Therefore, Appellant's claim fails.

At the PCRA hearing, Appellant offered only her testimony to establish that plea counsel acted ineffectively. Generally, "a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion." ***Commonwealth v. Colavita***, 933 A.2d 874, 895 (Pa. 2010). While there may be cases where the absence of a reasonable

strategy is uncontested, there is "a strong preference that counsel be heard from before being found ineffective." *Id.* at 895. "The ultimate focus of an ineffectiveness inquiry is always upon counsel, and not upon an alleged deficiency in the abstract." *Id.* at 896; *see also Commonwealth v. Duffey*, 855 A.2d 764, 775 (Pa. 2004) (finding that in the absence of testimony from counsel, the court "should refrain from gleaning whether…a reasonable basis exists."). Thus, in order to establish that plea counsel lacked a reasonable basis for his alleged inactions, Appellant should have offered his testimony at the PCRA hearing.

Appellant argues that her testimony is sufficient to establish that counsel was ineffective, and relies on *Commonwealth v. Steckley*, 128 A.3d 826 (Pa. Super. 2015). This reliance, however, is misplaced. In *Steckley*, the petitioner was offered a plea deal that included a recommended two to six year sentence. *Id.* at 829. He rejected the offer based on what he believed the sentencing guidelines were and opted to go to trial. Ultimately, he received a sentence of 25 to 50 years' imprisonment. *Id.* At the PCRA hearing, defendant's counsel testified that she was unaware of the potential 25-year mandatory minimum sentence and this negatively affected her representation before the trial court. *Id.* at 831. The petitioner was permitted to offer his own testimony as evidence of prejudice that he would have entered a guilty plea, but for counsel's ineffectiveness. *Id.* at 833.

Appellant argues that *Steckley* demonstrates that she was not required to offer plea counsel's testimony at the PCRA hearing. However, the petitioner's testimony in *Steckley* was used only to establish that counsel's ineffectiveness caused him prejudice. In this case, the PCRA court dismissed Appellant's PCRA petition because she could not establish that her counsel's performance lacked a reasonable basis,[6] not because she failed to establish prejudice. Thus, Appellant's argument that her testimony alone was sufficient to demonstrate that counsel lacked a reasonable strategic basis for his action or inaction is meritless.

Appellant also signed a written guilty plea statement when she entered her second negotiated plea deal. In this statement, she specifically indicated that she was satisfied with counsel's representation and that he had not failed to do anything that she requested. Moreover, at the PCRA hearing, Appellant admitted that, prior to withdrawing her original plea agreement, her attorney informed her that once she withdrew her guilty plea, the offer may no longer be available. N.T., 10/23/2016, at 28. Thus, Appellant was aware of the possible ramifications of withdrawing her original guilty plea against the advice of her counsel.

Therefore, based on our standard of review and the rationale explained above, Appellant failed to establish that her counsel lacked a reasonable

---

[6] *See* Trial Court Opinion, 12/14/2016, at 4-5.

strategic basis for his alleged inactions. Thus, Appellant has not met her burden of proving that plea counsel was ineffective. We conclude that the PCRA court's determination is supported by the evidence and is free of legal error.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/27/2017