J-S19036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1828 EDA 2021 |

Appeal from the PCRA Order Entered August 6, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003649-2017

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JULY 5, 2022**

Appellant Jonathan Williams appeals from the Order entered in the Court of Common Pleas of Philadelphia County on August 6, 2021, denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

On direct appeal, we reproduced the trial court's recitation of the facts and procedural history herein as follows:

> At trial, the Commonwealth presented the testimony of Philadelphia Police Officer Sharrod Davis. Officer Davis testified that on December 10, 2016, at approximately 12:50 a.m., he and his partner, who were assigned to the Highway Division, were on patrol in the vicinity of 11th and Norris Streets in Philadelphia. At that time and location, he observed Appellant, who was driving a blue Jaguar XF, disregard a stop sign at 11th and Norris Streets. Officer Davis activated his overhead lights and stopped Appellant; three male passengers were in the car. Upon approaching the

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. § 9541-9546.

vehicle, Officer Davis observed Appellant making furtive movements on his right side. Officer Davis testified that none of the passengers made any movements. When he arrived at the driver's side window, he observed in plain view a bag of marijuana on the right side of Appellant's seat; he also smelled burnt marijuana emanating from the vehicle. At that point, Officer Davis advised Appellant that the vehicle was going to be searched.[fn.1]

[fn.1] Appellant was the registered owner of the vehicle.

Officer Davis testified that, as his partner kept watch over the males, he searched the cabin of the vehicle. In addition to the seating, flooring[,] and consoles, he searched the rear, pull-down armrest, and opened its latch to the trunk, all of which yielded negative results. With Appellant's key, he then opened the trunk, which was filled with clothing. There was a pair of pants sitting at the opening of the trunk, i.e., the rearmost part of the vehicle. Beneath the pants, he found a black plastic bag containing a firearm, two large white pill bottles, and a purple jar of marijuana. [fn.2] Upon seeing the firearm, Officer Davis yelled "gun." Appellant did not have any reaction at all. Officer Davis ran Appellant's information through the NCIC/PCIC database to determine if he had a permit to carry the firearm. Upon discerning that Appellant had no permit, Officer Davis placed him under arrest.

[fn.2] Officer Davis' testimony established that there was no way for one of the passengers to secrete the contraband in the trunk because: (a) it was located too far from the latch; (b) [it was] blocked by a large amount of clothing; [] (c) both the latch and the armrest were shut[;] and[, (d)] none of the passengers had made any movements.

The Commonwealth next introduced by stipulation evidence establishing that: (a) the white pill bottles recovered from Appellant's trunk contained in excess of 800 pills of Xanax, a schedule IV narcotic, and that "[w]hoever possessed them, possessed them with an intent to deliver;" (b) Appellant has a prior conviction for [possession of a controlled substance with the intent to deliver ("PWID")], which rendered him ineligible to possess a firearm; (c) the handgun recovered from the trunk was test-fired by the Firearms Investigation Unit and deemed operational; (d) the marijuana recovered from the trunk weighed

- 2 -

3.323 grams; and[, (f)] the marijuana recovered from Appellant's driver's seat weighed 6.332 grams.

Finally, in addition to the above evidence, the Commonwealth presented audio transcripts of prison phone calls made by Appellant, in which, among other things, Appellant discussed trying to have one of the passengers without a prior record to "take the hit for [him]," as it would only result in probation for the passenger. In another conversation, he used the thinly-veiled code word "cologne" for items he needed promptly removed from the trunk of his car:

…

[Appellant:] This is what I need you to do. I need you to call my mom . . . tell my mom [to] get that cologne and sh*t out the trunk. Tell her get the cologne and all that out the trunk you know what [I'm] saying . . . I got a sacs bag in the trunk and a plastic bag in there with a top can in there like top paper. . . . It's a can in the trunk . . . you know what I'm saying. . . . Get that out and uh . . . and I got some more cologne in the door and the title to my car is in the glove box. . . .

Trial Court Opinion, 9/24/18, at 2-4 (citations and some capitalization omitted).

*Commonwealth v. Williams*, No. 414 EDA 2018, unpublished memorandum

at 1-3 (Pa.Super. filed July 12, 2019).

Following a bench trial, the trial court found Appellant guilty of

Possession with the intent to deliver a controlled substance (PWID), Persons

not to possess firearms, Firearms not to be carried without a license, and

Carrying firearms on the public streets of Philadelphia.[2]  On December 8,

2017, Appellant filed a post-verdict motion for reconsideration, and the trial

_____

[2] 35 Pa.C.S.A. § 780-113(a)(30) and 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), 6108, respectively.

court denied the same on January 12, 2018. Also on that date, Appellant was sentenced to an aggregate term of three and one-half (3½) years to seven (7) years in prison.

Appellant filed a timely notice of appeal on January 23, 2018, wherein he raised numerous challenges to the sufficiency of the evidence to sustain his convictions. This Court concluded that the evidence had been sufficient to establish that Appellant constructively possessed the contraband in his trunk and affirmed his judgment of sentence. **See Williams, supra** at 4-5.

On June 15, 2020, Appellant filed a PCRA petition *pro se*. Counsel was appointed and filed an Amended PCRA petition on November 22, 2020, wherein he alleged trial counsel had been ineffective for failing to litigate a motion to suppress the firearm and drugs recovered from the trunk of Appellant's vehicle during the stop. The PCRA court granted Appellant's request for a hearing on this issue, and it held an evidentiary hearing on June 25, 2021.

At the PCRA hearing Appellant testified that prior to trial, he had asked trial counsel to file both a motion to suppress and to seek recusal of the trial judge. N.T., 6/25/21, at 5-6. Trial counsel also testified and explained that due to the state of the law at the time which would have pointed to some exigency to conduct the search, officers would have been entitled to search

the vehicle after they observed four males in the car and marijuana in plain view in the front of the car.[3]  N.T., 6/25/21, at 8-13.

On August 6, 2021, the PCRA court dismissed the PCRA petition, and Appellant filed a notice of appeal on September 4, 2021.  On September 10, 2021, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied on September 28, 2021.  On October 25, 2021, the PCRA court filed its Opinion pursuant to Pa.R.A.P. 1925(a).

In his brief, Appellant presents the following issues for this Court's review:

> 1. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented that trial counsel was ineffective for failing to protect [A]ppellant's constitutional rights by filing and litigating a pretrial motion to suppress the physical evidence recovered from the vehicle driven by appellant.

---

[3] Appellant acknowledges that under the legal precedent that controlled at the time of trial, there would have been little chance of success in arguing a suppression motion. At the time of trial in 2017, police were permitted to conduct a warrantless search of Appellant's vehicle as there was probable cause to believe they could find contraband therein given the mobility of the car.  **See Commonwealth v. Gary**, 91 A.3d 102 (Pa. 2014).  Appellant's arguments presented herein rely on decisions that were issued several years after Appellant's non-jury trial, namely **Commonwealth v. Scott**, 210 A.3d. 359 (Pa.Super. 2019)(holding a small amount of marijuana does not give officers probable cause to search the trunk of a vehicle) and **Commonwealth v. Alexander**, 243 A.3d 177, 207–08 (Pa. 2020)(holding a warrantless search of a vehicle requires both probable cause and exigent circumstances that extend beyond the mobility of the vehicle).

2.     Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish a violation of [A]ppellant's Fourth Amendment constitutional right based on the unlawful search of the vehicle, as well as his Sixth Amendment right to effective representation of trial counsel.

Brief for Appellant at 8.

Where a petitioner asserts claims of the ineffective assistance of counsel, our Supreme Court has held:

[A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ... [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

*Commonwealth v. Johnson*, 966 A.2d 523, 532-33 (Pa. 2009) (internal citations omitted).

Moreover, "[w]henever an evidentiary hearing on a claim of ineffectiveness is granted, the burdens of production and persuasion remain on the [PCRA petitioner]." *Commonwealth v. Jones*, 596 A.2d 885,

888 (Pa. Super. 1991) (citation omitted). Therefore, in order to prove that trial counsel lacked a reasonable basis for his actions, a petitioner must produce trial counsel as a witness at the PCRA hearing and elicit testimony concerning counsel's trial strategy. **See id**. at 888-89 (rejecting an ineffectiveness claim where the petitioner failed to produce trial counsel as a witness at the PCRA hearing); **see also Commonwealth v. Lesko**, 15 A.3d 345, 401 (Pa. 2011) (finding that because the petitioner "did not establish any ground for deeming counsel *per se* ineffective," and did not establish a lack of reasonable basis through trial counsel's testimony at the PCRA hearing, he failed to sustain his burden of proof); **Commonwealth v. Koehler**, 36 A.3d 121, 146-47 (Pa. 2012) (same).

Further, this Court has held that "a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion." **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 783 (Pa.Super. 2015) (*en banc*) (citation and footnote omitted, formatting altered). Additionally,

> our Supreme Court has cautioned against finding no reasonable basis for trial counsel's actions in the absence of supporting evidence. The fact that an appellate court, reviewing a cold trial record, cannot prognosticate a reasonable basis for a particular failure ... does not necessarily prove that an objectively reasonable basis was lacking.

**Id.** at 783-84 (citations and quotation marks omitted).

Appellant argues his testimony at the PCRA hearing established he had asked trial counsel to file a motion to suppress the contraband found in the

trunk of his automobile, although counsel failed to do so without offering Appellant any explanation. Appellant further contends the vehicle search violated his constitutional rights and, therefore, he was clearly prejudiced by counsel's inaction. Brief for Appellant at 14-18.

In its Opinion, the PCRA court disposed of these claims as follows:

> At the time of trial in this case, pursuant to Commonwealth v. Gary, 91 A.3d 102 (Pa. 2014), police were permitted to conduct a search of a vehicle without a warrant where there was probable cause to believe that there would be contraband therein and where the vehicle was readily movable. "The prerequisite for a warrantless search of a motor vehicle is probable cause to search; **no exigency beyond the inherent mobility of a motor vehicle is required**." *Id*. at p. 138 (emphasis added).
>
> Appellant argues that counsel should have litigated the suppression motion despite the state of the law at the time. According to Appellant, the motion would have had a reasonable chance of success because the officers already had Appellant in custody and there was no exigency to justify search of the trunk.
>
> At the evidentiary hearing, trial counsel testified that, in his estimation, because there were four (4) males in the car and there was marijuana in plain view, that there was some exigency to do the search. He further testified that he believed that the court would not have granted the motion given the constraints imposed pursuant to the ruling in *Gary*, supra. Counsel explained that he did not believe that it was his duty to protect Appellant's constitutional rights by filing a motion to suppress given the state of the law at that time. "As I said before, I really don't think that a violation under *Gary* existed. If [Appellant] had been more fortunate to have been arrested in 2020 as opposed to, I believe it was 2016, then he certainly would have been in a much better position to litigate a motion to suppress and probably successfully...." (N.T. 6/25/21 pgs. 10, 13).
>
> Counsel did believe that he had a reasonable chance of an acquittal based upon his defense. He explained that although the vehicle was owned and being driven by the Appellant, there were three (3) others in the car and the firearm was located with a bundle of clothing in the trunk. He explained that "[ T]o me, the trial defense, as opposed to most gun cases, the trial defense had

much better prospects than a motion to suppress, which, again, if I thought there was a motion to suppress that had any opportunity of being successful, I certainly would have litigated it." Finally, counsel stated that because he felt he had a strong defense, he did not want to risk the possibility of additional facts coming out during a meritless suppression motion that might have hurt his defense. (N.T. 6/25/21 pgs. 12-14).

PCRA counsel argued at the hearing that trial counsel should have had the forethought to litigate the suppression motion despite the state of the law at the time, because one never knows when a court decision could get overturned, and had the motion been pursued, his could have been the case that overturned *Gary*. (N.T. 6/25/21 pgs. 17-19). In his amended PCRA petition, counsel argued that "No competent lawyer would choose to defend a possessory offense without seeking suppression." (PCRA Petition p. 5).

To succeed in showing that counsel was ineffective in this case, "Appellant must demonstrate that counsel was incompetent under the law in existence at the time of trial. Counsel cannot be deemed ineffective for failing to predict developments or changes in the law." Commonwealth v. Gribble, 863 A.2d 455 (Pa. 2004), citing also Commonwealth v. Carpenter, 725 A.2d 154 (Pa. 1999). Trial counsel will not be held ineffective for failing to litigate a meritless motion to suppress. Commonwealth v. Wayne, 720 A.2d 456 (Pa. 1998); Commonwealth v. Descar, 798 A.2d 758 (Pa.Super. 2002).

Here, the officers testified at trial that they stopped Appellant for disregarding a stop sign. Officer Davis observed Appellant make a furtive movement on his right side. When he was at the driver's side window, he observed a bag of marijuana on the right side of Appellant's seat and smelled burnt marijuana in the car. Appellant was the owner and driver of the car and there were three (3) other males in the vehicle. [5] (N.T. 10/10/17 pgs. 25-27). Thus, the officers observed a bag of marijuana in plain view; the vehicle was readily mobile; and there were three (3) other passengers in and around the vehicle. Under the law at the time of trial, they had probable cause to search the trunk of vehicle.

Trial counsel was well aware of the state of the law as it existed at the time of trial, and he made a strategic decision to forego a suppression motion which he believed had no merit. Furthermore, he believed that he had a strong defense and he did not want to jeopardize that with the possibly that the officers could have testified in a more damaging way during a suppression

motion. Far from being ineffective, counsel made a well-thought out strategic decision. The fact that the law changed years later that would have given Appellant a better chance at succeeding with that motion is immaterial when assessing counsel's performance given the state of the law at the time. Again, the test is not whether the course chosen is successful, but rather whether there was a logical reason supporting counsel's actions. <u>Commonwealth v. Smith</u>, supra.

Trial counsel's decision to forego litigating a motion to suppress that had little merit and could have jeopardized what counsel believed to be a strong defense was more than reasonable. Appellant must establish that counsel's course of conduct was without any reasonable basis designed to effectuate the defendant's interest. Where Appellant fails to satisfy any of the three (3) prongs of the test for ineffectiveness as set forth above, the court must reject the Appellant's <u>Commonwealth v. Spotz</u>, 624 Pa. 4, 33 (Pa. 2014).

___
[5] The bag of marijuana recovered from Appellant's seat weighed 6.332 grams.

PCRA Court Opinion, filed 10/25/21, at 8-11 (emphasis in original).

Our review of the record confirms the PCRA court's holding. As the PCRA court stresses, **Scott** had not been decided when Appellant's trial took place, which significantly undercuts Appellant's reliance upon that precedent in support of his claims of ineffectiveness of counsel. It is axiomatic under Pennsylvania law that "[c]ounsel cannot be deemed ineffective for failing to predict developments or changes in the law." **Commonwealth v. Gribble,** 863 A.2d 455, 464 (Pa. 2004). Appellant's reliance upon **Alexander** fails for the same reason. The decisions in **Scott** and **Alexander** simply were not available to Appellant's counsel or, indeed, to anyone else, at the time of trial, and

we cannot evaluate trial counsel's actions prior to and during trial the light of that later precedent.

Trial counsel testified at the PCRA hearing that he believed he had a stronger chance to succeed at trial by contesting the sufficiency of the Commonwealth's evidence to show Appellant possessed the firearm and drugs because the contraband was not found on his person and three other men were in the car with him. N.T. 6/25/21, 12. Trial counsel feared that were he to litigate a suppression motion he would have risked eliciting testimony unfavorable to that trial defense. *Id*. at 16. Such a course of action had an objectively reasonable basis under the law in effect at the time. *See Lesko*, *supra*.

In light of the foregoing, Appellant has failed to demonstrate actual prejudice as a result of trial counsel's actions, and his claim for relief must fail.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/5/2022

- 11 -